IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES GAIA | § | |
|     TDCJ-CID #1483407 | § | |
| v. | § | C.A. NO. C-09-212 |
| | § | |
| BRIAN SMITH, ET AL. | § | |

## OPINION REGARDING PLAINTIFF'S MOTION FOR SUBPOENAS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division at the Hughes Unit in Gatesville, Texas. Pending is plaintiff's first request for subpoenas. (D.E. 46).

Pending also is plaintiff's motion to compel discovery. (D.E. 44). Specifically, he seeks photographs of police officers working at the city jail the day he was arrested so as to identify the John Doe defendants.

Plaintiff seeks five subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure: 1) his medical records from the Nueces County Jail; 2) trial court transcripts from his trial; 3) David Klien, plaintiff's criminal defense counsel; 4) Joe Mike Pena, prosecutor in plaintiff's criminal case; and 5) the twelve jurors from his criminal case. The first two requests concern documents. Plaintiff does not indicate whether he sought them through discovery from defendants. The Federal Rules of Civil Procedure guide plaintiff about how to obtain information. See Fed. R. Civ. P. 26-37.

Plaintiff is entitled to his medical records. A separate order will be issued requiring Nueces County Jail officials to provide them to plaintiff.

Plaintiff has not indicated who he seeks to subpoena regarding the trial transcript.

Presumably, he could seek it from defendants through discovery without a subpoena. Alternatively, he could seek it from his defense attorney in conjunction with or separate from a deposition of Mr. Klien. Possibly, he wants a subpoena issued to the Nueces County Clerk for production of the trial transcript, but has not indicated how he would pay any fees associated with this approach. Plaintiff's request for a subpoena regarding his trial transcript is DENIED without prejudice.

The latter three subpoena requests appear to be requests for depositions. Of course, plaintiff may seek to depose witnesses in a number of ways. The standard deposition occurs with both parties in the room as well as the deponent and a court reporter. This method may be difficult in light of plaintiff's current incarceration. Depositions may also be taken by telephone if the parties stipulate to such a method, or a court order is issued based on a motion for depositions by telephone. Fed. R. Civ. P. 30(b)(4); see also Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex. 2006). Similarly, depositions may be taken by video-teleconference consistent with Rule 30(b)(4). See Brown v. Carr, 253 F.R.D. 410, 413 (S.D. Tex. 2008) (granting inmate's motion to take third-party depositions by video-teleconference). Moreover, plaintiff may seek to depose witnesses by written questions. See Fed. R. Civ. P. 31. "However, even though plaintiff is proceeding *in forma pauperis*, he cannot expect defendants, or the government to pay the deposition costs and fees." Brown, 253 F.R.D. at 413; see also Brown, 236 F.R.D. at 313 ("Plaintiff may not expect the Court, or defendants to pay for these fees and expenses simply because he is an indigent inmate proceeding pro se in this action."). The requests for subpoenas

for Mr. Klien, Mr. Pena, and the jurors[1] are DENIED without prejudice subject to a request by plaintiff as to the method of the depositions as well as an indication as to how the fees and expenses consistent with those depositions will be paid.

Accordingly, plaintiff's first request for subpoenas, (D.E. 46), is DENIED in part and GRANTED in part.  Additionally, plaintiff's motion to compel discovery, (D.E. 44), is GRANTED consistent with the Order dated March 23, 2010.  Plaintiff will be provided with photographs of seven officers who were working on the day of his arrest during the course of defendants' deposition of plaintiff.

ORDERED this 24th day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The request to depose jurors from plaintiff's criminal trial is highly unusual.  He will have to demonstrate the necessity of such an approach as well as the appropriateness of it, if he intends to seek to depose them.