IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES GAIA | § | |
|     TDCJ-CID # 1483407 | § | |
| v. | § | C.A. NO. C-09-212 |
| | § | |
| BRIAN SMITH, ET AL | § | |

**OPINION DENYING DEFENDANT
TIMOTHY REVIS' MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Defendant Timothy Revis' motion for summary judgment and sanctions. (D.E. 40). For the reasons stated herein, Defendant's motion is hereby DENIED.

**I.  JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. After consent by the parties, (D.E. 15, 25), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 16); see also 28 U.S.C. § 636(c).

**II.  PROCEDURAL HISTORY**

On August 18, 2009, Plaintiff, a state prisoner then residing at the Lopez Unit in Edinburg, Texas, filed this action raising various civil rights claims against the City of Corpus Christi and officials at the Corpus Christi Jail in Corpus Christi, Texas. (D.E. 1). He filed an amended complaint on August 25, 2009. (D.E. 11). A Spears[1] hearing was conducted on September 9, 2009. On September 15, 2009, an order was entered to dismiss certain claims and retain the action. (D.E. 17). Excessive force claims against Officer John Doe No. 1 and Officer

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

John Doe No. 2, a claim of deliberate indifference to Plaintiff's medical needs against Officer Timothy Revis, and a claim of failure to train against the City of Corpus Christi were the only claims retained.  Id.  Defendant Revis filed an answer on October 9, 2009.  (D.E. 23).  The Court held a hearing on November 19, 2009 to discuss the John Doe Defendants as well as other various matters.  Another hearing was held on January 29, 2010 to discuss those same and other similar matters.

Defendant Revis filed his motion for summary judgment on February 2, 2010.  (D.E. 40).  On April 14, 2010, Plaintiff served his untimely admissions on Defendant.  (D.E. 57).  He also filed an opposition to the motion for summary judgment.  (D.E. 58).

### III.  SUMMARY JUDGMENT EVIDENCE

Defendant Revis sent Plaintiff discovery requests that arrived at the Lopez Unit on October 13, 2009.  (D.E. 40, at Ex. B).  They included interrogatories, requests for production, and requests for admissions. Id. at Ex. A.  Plaintiff did not sign the receipt of the discovery. Id. at Ex. A.  At a November 19, 2009 telephonic hearing, Plaintiff acknowledged that he received the requests, but had not responded because he was confused as to what to do with them, especially because they had not been filed with the Court.  At that time, he reiterated his request for appointed counsel so that he could respond to Defendant's discovery requests.  Plaintiff made his first request for appointed counsel through a motion filed on August 21, 2009.  (D.E. 3).  He made another such motion on March 31, 2010, in which he explained specifically:

> 4. Plaintiff is very unsure of how to do the legal work.  He doesn't know if he's supposed to answer questions if the Judge's signature isn't on an order.
>
> 5. Plaintiff has no problem answering the questions he's just unsure of which ones he shouldn't.  He feels as if he might

be manipulated due to his ignorance of the law.

(D.E. 52, at 2).

At the January 29, 2010 hearing, Plaintiff informed the Court and the parties that he had been transferred to the Hughes Unit, and, as a result, he would be without many of his legal documents while they were in transit, possibly for months.  Defendant's attorney participated in the hearing, but did not mention her client's discovery requests.  Defendant never filed a motion to compel Plaintiff's response to discovery.  Eventually, on April 14, 2010, Plaintiff filed his responses to Defendant's discovery requests.  (D.E. 57).

## IV.  DISCUSSION

Defendant claims that because Plaintiff failed to timely respond to his requests for admissions, Plaintiff has admitted to them, and they establish Defendant's qualified immunity. (D.E. 40, at 1-3).  He further asserts that Plaintiff's failure to cooperate with discovery has prejudiced his ability to defend this action, and Plaintiff should be accordingly sanctioned in the amount of reasonable attorney fees and costs.  Id. at 3.  In response, Plaintiff argues he could not timely respond because of his unit transfer and the resulting loss of paperwork.  (D.E. 58, at 1).

**A.    The Standard Of Review For Summary Judgment Motions.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an

absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.    Defendant's Requests For Admissions Were Admitted For Failure To Timely Respond, But Are Now Deemed Withdrawn.**

According to Rule 36 of the Federal Rules of Civil Procedure, when a party is served by another party with a request for admissions regarding any relevant matter:

> [the] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and

      signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3). However, "[o]ften, the court will overlook certain technical shortcomings in a pro se litigant's pleadings." Hill v. Breazeale, 197 F. App'x 331, 337 (5th Cir. 2006) (per curiam) (unpublished) (citing Haines v. Kerner, 404 U.S. 519, 521 (1972)). Additionally, withdrawal of admissions is within a court's discretion where it facilitates a resolution on the merits and the party seeking the admissions is not prejudiced. American Auto Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991); Fed. R. Civ. P. 36(b) (a court may find an admitted matter withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits").

    In Birdo v. Carl, the Fifth Circuit emphasized that a court has a "significant interest in resolving the dispute on the merits." No. 93-8558, 1994 WL 442358, at *2 (5th Cir. July 25, 1994). The Birdo court explained that prejudice for the requesting party includes "'difficulties in proving its case arising from the sudden need to obtain evidence that would have otherwise been admitted,'" and "surprising, late denials of requested admissions." Id. at *1-2. Furthermore, in addition to the merits and prejudice analysis, a court should consider the culpability of the non-responding party in failing to respond. Id. at *1.

    Defendant's requests for admissions were received at the Lopez Unit and signed for by a prison official on October 13, 2009. At the very latest, Plaintiff had received them by the November 19, 2009 telephonic hearing. Therefore, pursuant to Rule 36(a)(3), Plaintiff had until December 19, 2009, at the latest, to respond, or the matters covered in the requests would be admitted. Because Plaintiff did not respond until April 14, 2010, the matters were indeed

5

admitted.

Nevertheless, the fact that Plaintiff did eventually respond to Defendant's requests justifies withdrawing Plaintiff's admissions pursuant to Rule 36(b).[2]  Disposing of this action partially because of a pro se prisoner's failure to comply with technical requirements would ignore the "significant interest" in deciding claims on their merits.  See Hill, 197 F. App'x at 337; see also Birdo, 1994 WL 442358, at *2.  Furthermore, Defendant does not argue that withdrawal is prejudicial.  He will not be prejudiced by the withdrawal, or Plaintiff's responses.  With another Defendant, the City of Corpus Christi, still conducting discovery with Plaintiff, and two more, Officer Gonzalez and Officer Gomez, still awaiting a more definite statement from Plaintiff, Defendant has plenty of time to continue building his defense, and this withdrawal is neither "sudden," "surprising," nor "late."  See Birdo, 1994 WL 442358, at *1-2.  Finally, Plaintiff informed the Court and Defendant multiple times at hearings and through filings that he did not know what to make of Defendant's requests, let alone how to respond to them.  When he first received the requests, he did not even know he was required to respond because they were not filed with the Court.  Additionally, his tardiness was due in part to his transfer from the Lopez unit to the Hughes Unit; a complicated process through which he was temporarily separated from his legal documents.  Thus, examining the three factors in Birdo – the Court's interest in deciding the case on the merits, prejudice to Defendant, and Plaintiff's relative culpability – demands Plaintiff's previous admissions be withdrawn.

Accordingly, Plaintiff's earlier admissions, which were admitted because he failed to respond to Defendant's request within thirty days, are withdrawn.

---

[2] Plaintiff's responses, which were filed with the Court on April 14, 2010, will not just be considered responses, but also construed as a motion to withdraw his previous admissions.  See Hill, 197 F. App'x at 337.

### C.     Summary Judgment Is Inappropriate.

Against this factual background, Defendant seeks summary judgment.  In Hill, the Fifth Circuit affirmed the district court's grant of summary judgment.  However, in Hill, the defendant filed a motion to compel when the plaintiff failed to respond to requests for admissions, and the court subsequently issued a show cause order that the plaintiff show good cause why he had not responded.  197 F. App'x at 333.  In addition to failing to respond to the requests, the plaintiff also failed to respond to the motion.  Id.  Indeed, the court affirmed the grant of summary judgment because the plaintiff "deliberately and selectively chose to disregard certain deadlines."  Id. at 337.  Thus, the Fifth Circuit concluded that the inmate's failure to respond to the request for admissions was a "blatant disregard for deadlines and the Federal Rules."  Id.  Indeed, in response to a show cause order, the plaintiff responded: "'I don't know what's cookin, but I will not respond to documents issue for the sole purpose of harassment.  If the Court wishes to dismiss the proceedings on these frivolous [sic] filings, then my response would have been futile....'"  Id. at 337 n.4.  Here, Defendant never filed a motion to compel, the Court never issued a show cause order, and Plaintiff's shortcomings were uninformed, not deliberate.

In Jarvis v. Pearl River County Sheriff's Department, No. 1:05cv119, 2007 WL 4233121 (S.D. Miss. 2007) (unpublished), the court refused to grant summary judgment on the basis of requests for admissions that were originally admitted for failure to timely respond because the plaintiff did finally file a response to the defendant's requests for admissions, his missing the deadline was not deliberate, and the defendant never filed a motion to compel.  The court further deemed the admissions withdrawn for those same reasons.  Id. at *4.  That scenario mirrors the present one exactly.

Accordingly, summary judgment is inappropriate given the present circumstances.

## V.  CONCLUSION

Based on the foregoing, Defendant Revis' motion for summary judgment and sanctions, (D.E. 40), is denied.

ORDERED this 23rd day of June 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE