UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES GAIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-212 |
| | § | |
| BRIAN SMITH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Pending is plaintiff's motion for an order compelling discovery (D.E. 77). The City of Corpus Christi (the City) filed a response (D.E. 85). The motion is denied without prejudice.

Plaintiff first requests a copy of the video-taped statement of Ms. Sonnier. The City responds by saying that plaintiff has never requested the statement of Ms. Sonnier. Plaintiff's request for an order to compel the City to give this statement to plaintiff is denied without prejudice because plaintiff has never made a formal discovery request for the statement.[1]

Plaintiff next requests a complete copy of his medical records. The City responds by saying that it has turned over all medical records in its possession. If plaintiff does not

---

[1] An order to compel is not appropriate unless a party has first requested the discovery pursuant to the Federal Rules of Civil Procedure, and the responding party has failed to provide the requested discovery, or has responded with an objection to formal production. FED. R. CIV. P. 37(A)(3)(B). Plaintiff did request a copy of the statement of Ms. Sonnier in his December 16, 2009, motion for production of documents (D.E. 34), which was struck by the court (D.E. 36). The motion was struck because plaintiff's discovery requests should not have been filed with the court; rather plaintiff should have filed his discovery requests directly with counsel for the defendants. Though the order striking would not necessarily eliminate the duty of a party to respond, in this case defendants claim they did not receive the request. Plaintiff did not include a certificate of service with his motion, and so he has no proof that he actually mailed the request to counsel for defendants.

believe that the City turned over all medical records, plaintiff is free to send a release to Spohn Hospital and to purchase copies of his medical records.

Plaintiff next requests copies of all rules, regulations, and policies applicable to a claim by a prisoner of broken ribs. The City responds that plaintiff has never requested this information in discovery. Plaintiff's request for copies of policies is denied without prejudice because plaintiff has never made a formal request.[2]

Defendants are not obligated to answer any discovery requests sent by plaintiff to Bryan Smith, who was dismissed from this lawsuit, thus the motion to compel as to any discovery sent to Bryan Smith is denied.

Plaintiff's request for assistance in viewing the video of his own interview with Officer Revis will be addressed in a separate order.

Accordingly, plaintiff's motion for an order compelling discovery (D.E. 77) is denied in all things.

ORDERED this 27th day of August, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] As with the statement of Ms. Sonnier, plaintiff did request a copy of the City rules and regulations in his December 16, 2009, motion for production of documents (D.E. 34) which was struck by the court (D.E. 36). The motion was struck because plaintiff's discovery requests should not have been filed with the court. Plaintiff should have filed his discovery requests directly with counsel for the defendants. Though the order striking would not necessarily eliminate the duty of a party to respond, in this case defendants claim they did not receive the request. Plaintiff did not include a certificate of service with his motion, and so he has no proof that he actually mailed any request to counsel for defendants.