IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES GAIA § | |
| TDCJ-CID #1483407 § | |
| § | C.A. No. C-09-212 |
| v. § | |
| § | |
| BRYAN SMITH, ET AL. § | |

## MEMORANDUM OPINION AND ORDER GRANTING GOMEZ AND GONZALEZ'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights under the Eighth Amendment to the United States Constitution were violated by various defendants employed by the City of Corpus Christi ("the City"). Pending is defendants Jesus Gomez's and Alberto Gonzalez's motion for summary judgment (D.E. 86), which was filed on August 2, 2010 and to which plaintiff has not responded. For the reasons stated herein, defendants' motion for summary judgment is granted.

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper in this court because the actions about which plaintiff complains occurred in Nueces County, Texas. Upon consent of the parties (D.E. 15, 25, 69) this case was assigned to a United

States magistrate judge to conduct all further proceedings, including entry of final judgment (D.E. 70).  See 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff is a Texas state prisoner, currently confined at the Hughes Unit in Gatesville, Texas.  He filed this lawsuit on August 21, 2009, claiming that after his arrest for aggravated assault on October 11, 2007, officers with the Corpus Christi Police Department used excessive force against him causing him injuries, and that he was denied medical care, despite his requests to see a doctor (D.E. 1).  Plaintiff named as defendants Police Chief Bryan Smith and Officer Timothy K. Revis.  On September 1, 2009, plaintiff filed an amended complaint to name Corpus Christi Mayor Henry Garrett as a defendant (D.E. 11, 13).  Smith and Garrett subsequently were dismissed from the law suit (D.E. 17).

Plaintiff was granted leave to name two unidentified John Doe officers as defendants and later identified the officers as Gomez and Gonzalez (Deposition of James Gaia, D.E. 86-1, pp. 36-40).  Plaintiff asserts that while he was being held at the City detention center, Gomez and Gonzalez handcuffed him and beat him with their elbows and knees and also used pepper spray on him.  He asserts that they assaulted him because he was yelling down the hallway to his friend who was being held in another area (D.E. 72).  In their motion for summary judgment, Gomez and Gonzalez assert that plaintiff's cause of action against them is barred by the statute of limitations.

## APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. Id. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified

documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  Caboni, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  Anderson, 477 U.S. at 250-51.

**B.  Statute of Limitations**

Because there is no federal statute of limitations on claims brought pursuant to 42 U.S.C. § 1983, courts look to the general personal injury limitations provided by the forum state, which in Texas is two years.  See TEX. CIV. PRAC. & REM. CODE ANN., § 16.003(a) and Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  Plaintiff's cause of action accrued on October 11, 2007 and the statute of limitations ran on October 11, 2009.  Plaintiff filed his original law suit on August 21, 2009, within the limitations period.

At a <u>Spears</u> hearing[1] held on September 9, 2009, plaintiff added the John Doe defendants whom he accused of assaulting him on the day he was arrested, but did not identify them by name until presented with their pictures at a deposition on April 14, 2010 (Hearing Transcript, D.E. 28, pp. 13-14; Gaia Depo., D.E. 86-1, pp. 36-40). Plaintiff moved to amend his complaint to add Gomez and Gonzalez on June 16, 2010 and the motion was granted on June 22, 2010 (D.E. 72, 73). Defendants argue that because Gomez and Gonzalez were added to the lawsuit by name after the limitations period expired, plaintiff's cause of action against them is barred by the statute of limitations.

Whether an amended complaint relates back to the original complaint is governed by FED. R. CIV. PRO. 15(c):

> ***(1) When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). <u>See</u> also <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996)(testimony given at a Spears hearing is incorporated into the pleadings).

>**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In Jacobsen v. Osborne, 133 F.3d 315 (5th Cir. 1998), the Fifth Circuit held that an amendment changing the name of a party relates back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification. Id. at 320 (citing Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1995), modified by 74 F.3d 1366 (2d Cir. 1996). But in a case where a plaintiff names John Doe defendants and later identifies them after the statute of limitations has run, relation back is not allowed. "[F]or a John Doe defendant, there was no "mistake" in identifying the correct defendant; rather, the problem was not being able to name the defendant." Id. at 320-321. The court also noted that under the facts of that case, the identities of the defendants could have been determined earlier had the plaintiff responded to discovery propounded by the defendants. Id. at 321. See also Whitt v. Stephens County, 529 F.3d 278, 282-283 (5th Cir. 2008)(amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)).

The law in the Fifth Circuit is clear that relating back does not apply when John Doe defendants are named after the statute of limitations has run because no mistake has occurred. Accordingly, plaintiff's claims against Gonzalez and Gomez are barred by the statute of limitations.

## B. Equitable Tolling

Nor does it appear that plaintiff is entitled to equitable tolling of the statute of limitations. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)(citing Burnett v. N.Y. Cent. R.R., 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965)).  However, equitable tolling is permissible only in "rare and exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(citing Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

Plaintiff added the John Doe defendants at the Spears hearing on September 9, 2009, within the limitations period.  On November 19, 2009, after the limitations period had run, a telephonic hearing was held to discuss the identity of the John Doe defendants. At the hearing, counsel for the City explained that his client did not have any incident reports regarding the alleged assault by jail officials or any information regarding the identification of the John Doe defendants.  Plaintiff was told that it was his duty to

provide the names of the defendants and that he could use the discovery procedures outlined in the Federal Rules of Civil Procedure to seek the information. He was ordered to produce the names of the defendants within 90 days (D.E. 33). On December 9, 2009, plaintiff sent a request to the City, asking it to produce the names and photographs of all officers on shift on October 11, 2007 (D.E. 35).

The court held a teleconference on January 29, 2010 in which plaintiff sought an extension of the deadline to provide the names and explained that he had been transferred to another unit but did not have all of his belongings. He also indicated that he intended to file a motion to compel. Plaintiff was ordered to file a motion to compel no later than March 1, 2010 and defendants were ordered to respond no later than March 22, 2010 (D.E. 39).

After seeking and being denied another extension of time because he did not have his legal materials (D.E. 41, 42), plaintiff filed a motion to compel on March 3, 2010 (D.E. 44). On March 22, 2010 the City responded to the motion to compel, arguing that it did not want to release photographs of the officers to plaintiff for fear of compromising their safety. In the alternative, counsel for the City requested leave of the court to take plaintiff's deposition and also to show him the photographs of the officers so that he could identify the two officers who assaulted him (D.E. 47). The court granted the request on March 23, 2010 (D.E. 49). On April 23, 2010, the City informed the court that plaintiff had identified the two officers who allegedly assaulted him (Tr. 63, 64). The officers were served on April 29, 2010 (Tr. 66, 67).

While it is true that plaintiff in this case has acted in good faith and complied with all of the court's orders regarding the filing of discovery and a motion to compel, and while it is also true that plaintiff had no way to obtain the information except from defendants who did not provide him with the information until April 23, 2010, had plaintiff begun his lawsuit in a timely manner, he would have had plenty of time to conduct discovery and name the John Doe defendants.  Instead, plaintiff waited until two months before the statute of limitations ran to file his lawsuit and did not begin to conduct discovery to name the defendants until after the limitations period had expired.  Compare Green v. Doe, 260 Fed.Appx. 717, *3, 2007 WL 4561113 (5th Cir. 2007)(§1983 plaintiff entitled to equitable tolling where he filed case eleven months before the statute of limitations expired and had he not been denied discovery, would have had sufficient time to identify John Doe defendant and amend his claim).

Equitable tolling is not appropriate in this case.  Accordingly, defendants' motion for summary judgment (D.E. 86) is granted, and plaintiff's claims against defendants Gomez and Gonzalez are dismissed with prejudice as untimely.

ORDERED this 11th day of January, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE