## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JAMES GAIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-09-212** |
| | § | |
| **BRYAN SMITH, et al.,** | § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER GRANTING CITY OF CORPUS CHRISTI'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights under the Eighth Amendment to the United States Constitution were violated by various defendants employed by the City of Corpus Christi ("the City") and also by the City itself.  The City filed a motion for summary judgment on November 19, 2010 (D.E. 92) to which plaintiff has not responded.  For the reasons stated herein, the City's motion for summary judgment is granted.

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper in this court because the actions about which plaintiff complains occurred in Nueces County, Texas.  Upon consent of the parties (D.E. 15, 25, 69) this case was assigned to a United States magistrate judge to conduct all further proceedings, including entry of final judgment (D.E. 70).  <u>See</u> 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff is a Texas state prisoner, currently confined at the Hughes Unit in Gatesville, Texas.  He filed this lawsuit on August 21, 2009, claiming that after his arrest for aggravated assault on October 11, 2007, officers with the Corpus Christi Police Department ("CCPD") used excessive force against him causing him injuries, and also that he was denied medical care, despite his requests to see a doctor (D.E. 1). Plaintiff named as defendants Police Chief Bryan Smith and Officer Timothy K. Revis. On September 1, 2009, plaintiff filed an amended complaint to name Corpus Christi Mayor Henry Garrett as a defendant (D.E. 11, 13).  Smith and Garrett subsequently were dismissed from the law suit (D.E. 17).  Summary judgment was granted in favor of defendant Revis on November 16, 2010 (D.E. 91) and summary judgment was granted in favor of defendants Jesus Gomez and Alberto Gonzalez this date (D.E. 93). The City is the only remaining defendant.

On October 11, 2007, CCPD officer M. Olivares responded to a disturbance at the 2100 block of Morgan Avenue in Corpus Christi (Affidavit/Complaint, D.E. 92-15, p. 10).  Upon his arrival, he found the victim, Rudy Garcia, lying on the street, unconscious, and bleeding from the head. Id.  Witnesses identified plaintiff as the assailant, and he was arrested.  Id.

At 10:30 p.m. on the night of his arrest, plaintiff was evaluated by a nurse to determine if he could be admitted to the jail (Acceptance, D.E. 92-15, p. 19).  The

nurse noted that plaintiff was conscious, he was able to walk and stand and he was not drowsy or sluggish.  Id.  He was not bleeding, but he complained of pain around his eyes.  There was some slight swelling in his right cheek and his left eye had minimal swelling.  Id.  The nurse noted that plaintiff was anxious, tearful, and agitated, and that his speech was loud, pressured and disorganized.  Id.  Plaintiff refused to sign the evaluation form.  Id.

On October 12, 2007, at approximately 10:30 a.m., plaintiff was interviewed by Officer Revis and his partner concerning the aggravated assault for which plaintiff had been arrested the night before (Affidavit of T.K. Revis, D.E. 92-14, p. 1, para. 1; DVD-recording at 10:33:30 – 10:40:25).  Officer Revis introduced himself.  Id.  Plaintiff was given a written copy of the Miranda rights which Officer Revis read to him and plaintiff initialed his understanding (Revis Aff., D.E. 92-14 1; Miranda Warning, D.E. 92-14, p. 3).  Officer Rivas related that the victim was "not doing really well."  (DVD at 10:36:30).  Officer Rivas asked plaintiff what he could tell him about the night before.  Id.  Plaintiff replied that the only thing he could remember was that somebody "put his hands on me," and now his ribs hurt, and he told someone at the front desk that he thought his ribs were cracked (DVD at 10:36:52).  In addition, plaintiff stated that his eyes were swollen, he felt as if someone had hit him, and his head hurt.  Id.  He remembered walking around, then getting hit, and then being arrested.  Id.  He

admitted to smoking marijuana in the morning, having a few drinks of vodka, and a couple of 24-ounce beers.  Id.  The interview concluded shortly thereafter.  Id.

At 1:30 p.m. on October 12, 2007, plaintiff underwent a medical screening (Med. Screening Form, D.E. 92-15, p. 12).  Plaintiff told the nurse that he had left rib pain from being kicked in the ribs about a month ago.  Id.  Plaintiff also stated that he was depressed.  Id.  He was advised to submit a sick call request to be treated for his rib pain.  Id.

On October 15, 2007, plaintiff was seen By Dr. Imam (Cor. Health Servs. form, D.E. 92-15, p. 21).  Plaintiff stated he was depressed, but that he had no mental problem.  Id.  He admitted to use of THC, alcohol, and cocaine.  Id.  He denied hallucinations or suicidal ideation.  Id.  Dr. Imam's recommendation was that plaintiff needed counseling for drugs.  Id.

In its motion for summary judgment, the City argues that it is entitled to summary judgment because it has already been determined that Revis did not violate plaintiff's constitutional rights and did not fail to give plaintiff his Miranda warnings. The City further argues that it is entitled to summary judgment because there is no evidence that defendants Gonzalez or Gomez subjected plaintiff to excessive force.  In addition, the City argues that it adequately trained officers Gonzalez, Gomez and Revis.

## APPLICABLE LAW

### A.  Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence, or evaluate the credibility of witnesses. Id.  Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).

Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  Caboni, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  Anderson, 477 U.S. at 250-51.

### B.  42 U.S.C. § 1983 Claims

To state a claim under §1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  Moore v. Willis Independent School District, 233 F.3d 871, 874 (5th Cir. 2000)(citing Leffall v. Dallas Ind. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994)).  A local government entity

may be held liable under § 1983 for constitutional violations committed pursuant to a governmental policy or custom.  Id. (citing Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  In addition, local governments may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.  Monell, 436 U.S. at 691, 98 S.Ct. at 2036.

Official policy has been defined as "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority."  Brown v. Bryan County, OK, 219 F.3d 450, 457 (5th Cir. 2000)(citing Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984)).

Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."  Id.  Also, "a final decisionmaker's adoption of a course of action 'tailored to a particular situation and not intended to control decisions in later situations' may, in some circumstances, give rise to municipal liability under § 1983."  Brown, 219 F.3d at 457 (citations omitted).  "The culpability element, which may overlap with proof of a policy, requires evidence that the municipal action was taken

with deliberate indifference as to its known or obvious consequences.  A showing of simple or even heightened negligence will not suffice."  Id.

Because it has already been determined that officer Revis did not violate plaintiff's constitutional rights, the City cannot liable for violating plaintiff's rights based on any policy pertaining to Revis.  Accordingly, only City policies relating to Gomez and Gonzalez are examined.

**1. Excessive Force**

To prevail on a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that he (1) suffered an injury that (2) resulted directly and only from the use of force that was clearly excessive to the need and that (3) the force was clearly unreasonable.  Ontiveros v. City of Rosenberg, Tex., 564 F.3d 379, 382 (5th Cir. 2009)(citing Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007)).  Summary judgment has been entered for defendants Gomez and Gonzalez, based on the statute of limitations.   Therefore, plaintiff  must show that the City was liable for any use of excessive force in order to have a triable issue of fact.

In this case, even if Gomez and Gonzalez violated plaintiff's rights, defendants produced evidence that the City of Corpus Christi has written policies, procedures and guidelines in place regarding the appropriate use of force during detentions (See Affidavit of Gerardo Ochoa, D.E. 92-2, pp. 2-4; Gen. Oper. Proc., D.E. 92-7, pp. 1-9).  Accordingly, because plaintiff cannot show that Gomez and Gonzalez were acting

pursuant to an official written policy, he must show that they were acting pursuant to a common, well-settled, wide-spread practice.  Plaintiff has not made that allegation, much less produced any evidence to support it.

### 2. Failure to Train

Plaintiff did assert that Gomez and Gonzalez were not adequately trained.  The standard applicable to a failure-to-train claim is the same as the standard for municipal liability.  Valle v. City of Houston, 613 F.3d 536, 544 (5th Cir. 2010)(citing Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005)).  The failure to provide proper training may represent a policy for which the city is responsible.  Id. (citations omitted).  "'In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).  A plaintiff must show (1) that the City's training policy or procedure was inadequate; (2) the inadequate training policy was a moving force in the violation of plaintiff's rights and (3) the municipality was deliberately indifferent in adopting its training policy.  Id. (citations omitted).

The City provided evidence that both Gomez and Gonzalez had received training when they were hired as detention officers.  Gomez stated that he has been employed as a detention officer with the City since June 2007 and had read the detention center manual.  In addition, he received on-the-job training from the

detention center supervisor during the first two weeks of his employment (Affidavit of Jesus Gomez II, D.E. 92-12, pp. 1-2).  Defendant Gonzalez stated that he began his employment with the City in June 2007 and worked as a detention officer until he became a police officer in January 2009.  As a detention officer, he read the detention center manual and received on-the-job training from another detention officer (Affidavit of Alberto Gonzalez, D.E. 92-13, pp. 1-2).

Plaintiff has provided no evidence that the training the officers received was inadequate.  Moreover, even if the officers were inadequately trained, plaintiff has provided no evidence that their lack of training was a moving force in any violation of his rights.  Plaintiff has failed to show that a fact issue exists regarding the City's liability in this law suit.  Accordingly, the City of Corpus Christi's motion summary judgment is (D.E. 92) is granted and plaintiff's causes of action against the City are dismissed with prejudice.

ORDERED this 11th day of January, 2011.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE